■ CLAYCO FOODS, INC., Respondent, v. SERVICE TERMINALS, INC., et al., Appellants.— Order, entered July 7, 1967, denying defendants' application for judgment dismissing the first and third causes of action on the ground of insufficiency, and for summary judgment dismissing the complaint as to the individual defendants, unanimously reversed, on the law, with $50 costs and disbursements to appellants, and the motion granted. The first cause of action is dismissed with leave to plaintiff to apply to Special Term for permission to serve an amended complaint. (*Cushman & Wakefield* v. *John David, Inc.*, 23 A D 2d 827, 25 A D 2d 133; CPLR 3211, subd. [e]; *Andlou Props.* v. *Grayck*, 24 A D 2d 716; *Cyg-Knit Mills* v. *Denton Sleeping Garment Mills*, 26 A D 2d 800.) The allegations in the affidavit of plaintiff's president suggest that in prior oral negotiations plaintiff in effect agreed to have all of its warehousing needs supplied by defendant corporation and no other corporation. The said cause of action fails to so allege. The documents incorporated in the first cause of action do not spell out a mutually binding obligation. The third cause of action fails to allege any omission or act of commission except a breach of contract. (See *Albemarle Theatre* v. *Bayberry Realty Corp.*, 27 A D 2d 172.) In addition, it fails to allege special damages. (*Morrison* v. *National Broadcasting Co.*, 19 N Y 2d 453, 458.) The complaint is dismissed as to the individual defendant on the ground.that it appears the basic contracts were entered into by the individual in behalf of a disclosed principal, the defendant corporation. (*Ell Dee Clothing Co.* v. *Marsh*, 247 N. Y. 392.) Concur — Botein, P. J., Stevens, Capozzoli, McGivern and McNally, JJ.

■ In the Matter of PAULA C. HANNA, Respondent, v. TAX COMMISSION OF THE CITY OF NEW YORK, Appellant.— Final order entered on or about June 18, 1963, reducing assessments for the tax years 1960–1961, 1961–1962 and 1962–1963, unanimously reversed, on the law and on the facts, and the assessments for said years are reinstated and confirmed, with $50 costs and disbursements to appellant. The property under review is the St. Regis Hotel and two adjacent lots which serve as light projectors. The assessments levied against the property for the years in question are amply supported by the evidence and they should not have been reduced. Petitioner's evidence is insufficient to support her claim of over-valuation (*Matter of Peterson* v. *Assessors of Town of Westport*, 25 A D 2d 797). The method of appraisal utilized by petitioner's expert, which formed the basis for his opinion that the property was worth only $3,991,000, even though it had been sold for $13,925,000 in 1960 (and, in fact, was resold thereafter for $21,000,000), has heretofore been rejected by this court as "improper" (*Matter of Realty Hotels* v. *Tax Comm.*, 23 A D 2d 547). Rejection thereof leaves the record barren of substantial proof warranting the reductions sought. Settle order on notice. Concur — Botein, P. J., Stevens, Capozzoli, Tilzer and McGivern, JJ.